UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CD CAPITAL INVESTMENTS, LLC, *et al.*,<br><br>　　　　　　　Defendants. | Case no. SACV 14-01033 JLS (RNBx)<br><br>**PERMANENT INJUNCTION AND ORDER FOR EQUITABLE MONETARY RELIEF AS TO DEFENDANTS CD CAPITAL INVESTMENTS, LLC, CD CAPITAL, LLC, GDS INFORMATION SERVICES, INC., CHRISTIAN D. QUEZADA, AND TUAN D. DUONG** |

For the reasons set forth in its prior orders, the Court has granted both the Federal Trade Commission's motion for summary judgment against Defendant Tuan D. Duong (Doc. 157) and the FTC's motion for default judgment against Defendants CD Capital Investments, LLC, CD Capital, LLC, GDS Information Services, Inc., and Christian D. Quezada (collectively, "Defendants"). Based on these findings, **IT IS ORDERED:**

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A. **"Assisting others"** includes:
1. performing customer service functions, including receiving or responding to consumer complaints;
2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;
3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;
4. providing names of, or assisting in the generation of, potential customers;
5. performing marketing, billing, or payment services of any kind; or
6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. **"Corporate Defendants"** means CD Capital Investments, LLC, CD Capital,

2

1  |   | LLC, GDS Information Services, Inc.; and their successors and assigns.
2  | C. | **"Defendants"** means Corporate Defendants and Individual Defendants.
3  | D. | **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:
   |   | 1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;
   |   | 2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;
   |   | 3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or
   |   | 4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.
   | E. | **"Individual Defendants"** means Christian D. Quezada and Tuan D. Duong.
   | F. | **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.
   | G. | **"Secured or unsecured debt relief product or service"** means:
   |   | 1. with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:
   |   |    (a) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;
   |   |    (b) negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest,

3

1         principal balance, monthly payments, or fees owed by a person
2         to a secured or unsecured creditor or debt collector;
3   (c)  obtain any forbearance or modification in the timing of
4         payments from any secured or unsecured holder or servicer of
5         any mortgage, loan, debt, or obligation;
6   (d)  negotiate, obtain, or arrange any extension of the period of time
7         within which a person may (i) cure his or her default on the
8         mortgage, loan, debt, or obligation, (ii) reinstate his or her
9         mortgage, loan, debt, or obligation, (iii) redeem a dwelling or
10         other collateral, or (iv) exercise any right to reinstate the
11         mortgage, loan, debt, or obligation or redeem a dwelling or
12         other collateral;
13   (e)  obtain any waiver of an acceleration clause or balloon payment
14         contained in any promissory note or contract secured by any
15         dwelling or other collateral; or
16   (f)  negotiate, obtain, or arrange (a) a short sale of a dwelling or
17         other collateral, (b) a deed-in-lieu of foreclosure, or (c) any
18         other disposition of a mortgage, loan, debt, or obligation other
19         than a sale to a third party that is not the secured or unsecured
20         loan holder.
21 The foregoing shall include any manner of claimed assistance,
22 including auditing or examining a person's application for the
23 mortgage, loan, debt, or obligation.
24   2.  with respect to any loan, debt, or obligation between a person and one
25      or more unsecured creditors or debt collectors, any product, service,
26      plan, or program represented, expressly or by implication, to:
27   (a)  repay one or more unsecured loans, debts, or obligations; or;
28   (b)  combine unsecured loans, debts, or obligations into one or more

4

1                                           new loans, debts, or obligations.

# ORDER
# BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

I. **IT IS ORDERED** that Defendants, whether directly or through an intermediary, are permanently restrained and enjoined from:

    A. advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service; and

    B. assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service.

# PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

II. **IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling any financial product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

    A. the terms or rates that are available for any loan or other extension of credit, including:

        1. closing costs or other fees;

        2. the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3. the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

|   |   |   |   |
|---|---|---|---|
| 1 |  | 4. | the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit; |
| 4 |  | 5. | the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties; |
| 7 |  | 6. | whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or |
| 10 |  | 7. | that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees. |
| 13 | B. | | the savings associated with the loan or other extension of credit; |
| 14 | C. | | the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history; or |
| 20 | D. | | that a consumer will receive legal representation. |

**PROHIBITION AGAINST MISREPRESENTATIONS
RELATING TO ANY PRODUCTS OR SERVICES**

III. **IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any product or service are

hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C. the nature, expertise, position, or job title of any person who provides any product or service;

D. that any person providing a testimonial has purchased, received, or used the product or service;

E. that the experience represented in a testimonial of the product or service represents the person's actual experience resulting from the use of the product or service under the circumstances depicted in the advertisement;

F. the total costs to purchase, receive, or use, or the quantity of, the product or service;

G. any material restriction, limitation, or condition on purchasing, receiving, or using the product or service; or

H. any other fact material to consumers concerning any product or service, including any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

## RESTITUTION

**IV.** **IT IS FURTHER ORDERED** that:

    A. Restitution in the amount of One Million Seven Hundred Eighty-Four Thousand, Eight Hundred Sixty-Four Dollars ($1,784,864.00) is entered in favor of the Commission against Defendants, jointly and severally, as equitable monetary relief.

    B. Defendants are ordered to pay to the Commission One Million Seven Hundred Eighty-Four Thousand, Eight Hundred Sixty-Four Dollars ($1,784,864.00). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

## ADDITIONAL MONETARY PROVISIONS

**V.** **IT IS FURTHER ORDERED** that**:**

    A. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

    B. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants'

practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

**VI.** **IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or

required by law, regulation, or court order.

## ORDER ACKNOWLEDGMENTS

**VII. IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, each Individual Defendant, for any business that such Individual Defendant, individually or collectively with any other Defendant, is the majority owner of or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in connection with the in connection with advertising, marketing, promoting, offering for sale, or selling any financial product or service; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

**VIII. IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; (e) provide a list of all domain names held or registered by any Defendant; and (f) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and (c) describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change as follows:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. CD Capital Investments, LLC, et al., Case No. SAC 14-01033-JLS-(RNBx), X140035.

## RECORDKEEPING

**IX. IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner of or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.   a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

**X.   IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, and any failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the Commission each Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.   Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning

Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

**RETENTION OF JURISDICTION**

XII. **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

DATE: August 22, 2016

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT COURT